UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

ERIC WAGNER, ERIK SNYDER and
MAX SNYDER,

      Plaintiffs,

v.

FLORIDA POOL SPECIALISTS, INC., a Florida
corporation f/k/a CONCRETE PUMPING
SERVICES, INC. d/b/a FLORIDA POOL PROS;
KENT M. KUCERA; KURT D. KUCERA; and
ROSE TENENT,

      Defendants.

_____/

## COMPLAINT AND JURY TRIAL DEMANDED

Plaintiffs, ERIC WAGNER, ("WAGNER"), ERIK SNYDER, ("E SNYDER"), and MAX SNYDER, ("M SNYDER"), by and through their undersigned attorney, files this, their Complaint for Damages against Defendants, FLORIDA POOL SPECIALISTS, INC., a Florida corporation f/k/a CONCRETE PUMPING SERVICES, INC., d/b/a FLORIDA POOL PROS, (hereinafter "FPS"); KENT M. KUCERA, (hereinafter "KM KUCERA"); KURT D. KUCERA, (hereinafter "KD KUCERA"); and ROSE TENENT, (hereinafter "TENENT"), and state as follows:

### INTRODUCTION

This is an action to recover unpaid overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA").

## JURISDICTION

1. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, FPS was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

2. The Defendants are subject to the jurisdiction of the United States District Court for the Middle District of Florida because they engage in substantial and not isolated activity within this judicial district.

3. The Defendants are also subject to the jurisdiction of the United States District Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

4. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida;

    b. Defendants were and continue to be Florida corporation and individuals doing business within this judicial district.

## PARTIES

5. At all times material hereto, Plaintiffs, WAGNER, E SNYDER, and M SNYDER were and continue to be residents of Springhill, Hernando County, Florida, and were "employee[s]" of the Defendants within the meaning of the FLSA.

6. At all times material hereto, Defendants, KM KUCERA, KD KUCERA, and TENENT were conducting business for the Defendant corporation, FPS in Palm Harbor and Tarpon Springs, Pinellas County, Florida, They are "person[s]" within the meaning of the FLSA.

7. At all times material hereto, Defendants, FPS, KM KUCERA, KD KUCERA, and TENENT were the employers of Plaintiff, WAGNER.

8. At all times material hereto, Defendants were and continue to be "employers" within the meaning of the FLSA.

9. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiffs. WAGNER, E SNYDER and M SNYDER their lawfully earned wages in conformance with the FLSA.

10. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are personally liable for monetary damages.

11. At all times material hereto, Defendant, FPS was and continues to be an "enterprise" engaged in commerce" within the meaning of the FLSA.

12. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by the Defendants.

13. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

14. In or about January 2008, Plaintiff, WAGNER was hired by the Defendants to work as a pool builder at the Defendants' pool building company. His job consisted solely of manual labor.

15. Plaintiff, WAGNER's employment with the Defendants ended on or about June 30, 2009.

16. During Plaintiff, WAGNER's employment, Defendants paid Plaintiff an hourly rate of $20.00 per hour.

17. In or about November 2008, Plaintiff, E SNYDER was hired by the Defendants to work as a pool builder at the Defendants' pool building company. His job consisted solely of manual labor.

18. Plaintiff, E SNYDER's employment with the Defendants ended in or about June 2009.

19. During Plaintiff, E SNYDER's employment, Defendants paid Plaintiff an hourly rate of $12.00 per hour.

20. In or about June 2008, Plaintiff, M SNYDER was hired by the Defendants to work as a pool builder at the Defendants' pool building company. His job consisted solely of manual labor.

21. Plaintiff, M SNYDER's employment with the Defendants ended in or about May 2009.

22. During Plaintiff, M SNYDER's employment, Defendants paid Plaintiff an hourly rate of $12.00 per hour.

23. Throughout Plaintiffs, WAGNER, E SNYDER, and M SNYDER's employment, they regularly worked over forty (40) hours per week.

24. Defendants knowingly and willfully operated their businesses with a policy of not paying the overtime rate of time and one-half for hours worked in excess of the maximum hours provided by the FLSA, to the Plaintiffs.

25. Defendants, KM KUCERA, KD KUCERA, and TENENT were supervisors and/or managers, who supervised the work of the Plaintiffs and were involved in the day-to-day operations of the Defendant corporations.

26. During the relevant time period, Defendants, KM KUCERA, KD KUCERA, and TENENT were directly involved in decisions affecting employee compensation and/or hours worked by the Plaintiffs.

27. Plaintiffs have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

### STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

28. Plaintiffs reallege Paragraphs 1 through 27 as if fully stated herein.

29. Since Plaintiffs' dates of hire with Defendants, in addition to Plaintiffs' normal regular work week, Plaintiffs worked additional hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half.

30. Plaintiffs were entitled to be paid at the rate of time and one-half for their hours worked in excess of the maximum hours provided for in the FLSA.

31. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked by Plaintiffs in excess of the maximum hours provided for in the FLSA.

32. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery

proceedings to be taken promptly in this case and, if necessary, they will then seek leave of Court to amend their Complaint for Damages to set forth the precise amount due them.

33. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

34. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

35. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

36. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

37. Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against the Defendants:

 a. Declaring that Defendants, individually and/or collectively, have violated the maximum hour provisions of 29 U.S.C. § 207;

 b. Awarding Plaintiffs overtime compensation in the amount calculated;

 c. Awarding Plaintiffs liquidated damages in the amount calculated;

 d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.  Awarding Plaintiffs post-judgment interest; and

f.  Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

DATED: April 14, 2010.

                                           Respectfully submitted,

                                           BOBER & BOBER, P.A.
                                           Attorneys for Plaintiff
                                           2500 Hollywood Boulevard
                                           Suite 411
                                           Hollywood, FL 33020
                                           Phone: (954) 922-2298
                                           Fax: (954) 922-5455
                                           peter@boberlaw.com

                                           By: _____
                                           PETER BOBER
                                           FBN: 0122955
                                           SAMARA ROBBINS BOBER
                                           FBN: 0156248
                                           samara@boberlaw.com