UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC WAGNER, ERIK SNYDER, and
MAX SNYDER,

    Plaintiffs,

v.                                      CASE NO.: 8:10-cv-915-T-23AEP

FLORIDA POOL SPECIALISTS, INC.,
et al.,

    Defendants.
_____/

## **ORDER**

    The plaintiffs sue (Doc. 1) under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"). The parties announce (Doc. 27) a settlement, which agreement requires review and approval by the district court. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982); Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227 (M.D. Fla. 2010); Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

    On or before **February 17, 2011**, the parties shall move for approval of the proposed settlement. See 706 F. Supp. 2d 1240-46. The parties must attach to the motion any written agreement or memorialization of the terms of the settlement. In the motion, the parties must (1) identify each party's estimate of each plaintiff's hourly wage and the number of unpaid hours worked (in other words, establish the range of each plaintiff's potential recovery) and (2) confirm that the attached agreement includes every term and condition of the parties' settlement (in other words, confirm the absence of any

"side deal"). If the settlement involves a compromise (in other words, if each plaintiff either receives less than the full compensation claimed for unpaid wages, liquidated damages, and attorneys' fees or agrees to any term other than the release of his claim in exchange for full compensation, promptly paid), the parties must identify the bona fide dispute or disputes resolved by the compromise and state the reason for the compromise. In addition, the parties must either (1) demonstrate the reasonableness of the proposed attorney's fee using the lodestar approach[*] or (2) represent that the parties agreed to the plaintiffs' attorney's fee separately and without regard to the amount paid to settle the plaintiffs' FLSA claim. See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

ORDERED in Tampa, Florida, on February 3, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303-04 (11th Cir. 1988) ("'A request for attorney's fees should not result in a second major litigation.' The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. . . . [F]ee counsel bears the burden in the first instance of supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.") (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).